UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ERIC MOORE,**
   **Petitioner,**

  v.              Case No. 05C0163

**DANIEL BERTRAND,**
   **Respondent.**

---

## ORDER

On February 11, 2005, petitioner filed a petition for writ of habeas corpus asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner asserts, among other things, that his trial counsel was ineffective. Petitioner did not exhaust the ineffective assistance of counsel claim, but appears to have exhausted his other claims. Petitioner moved to stay his petition for writ of habeas corpus while he returned to state court to attempt to exhaust his claim of ineffective assistance of counsel. This order addresses petitioner's motion.

Moore's petition is a "mixed petition" because it contains both exhausted and unexhausted claims. Federal district courts may not adjudicate mixed petitions for habeas corpus. Rose v. Lundy, 455 U.S. 509 (1982). When presented with a mixed petition, I may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. Rhines v. Weber, 125 S. Ct. 1528, 1533-34 (2005). The stay and abeyance procedure protects a petitioner from having his federal claims become time barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act while he completes the state exhaustion process. Pace v. DiGuglielmo, 125

S. Ct. 1807, 1813 (2005); see also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) ("courts are not precluded from retaining jurisdiction over a meritorious claim and staying proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period") (internal citations omitted).

However, I may grant stay and abeyance only in limited circumstances when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in potentially dilatory litigation tactics." Rhines, 125 S. Ct. at 1535. In the present case, petitioner makes no attempt to set forth good cause for his failure to exhaust the ineffective assistance of counsel claim in state court. Moreover, a review of the record does not reveal any circumstances which indicate that petitioner had good cause for his failure to exhaust.[1] Accordingly, a stay is not appropriate and I will deny petitioner's motion.

Petitioner may proceed with the exhausted claims if he chooses to delete the unexhausted claim. Rhines, 125 S. Ct. at 1535 (explaining that when a district court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and proceed with the exhausted claims). If petitioner

---

[1] Because petitioner has not established good cause, I need not decide whether petitioner's unexhausted claim is potentially meritorious and whether petitioner engaged in dilatory litigation tactics.

2

chooses to delete his unexhausted claim, he shall notify the court by November 16, 2005. In such event, I will dismiss the unexhausted claim without prejudice and consider the merits of the remaining claims. If petitioner fails to voluntarily dismiss the unexhausted claim, I will dismiss the petition in its entirety.

For the reasons stated,

**IT IS ORDERED** that petitioner's motion to stay is **DENIED**.

**IT IS FURTHER ORDERED** that, on or before November 16, 2005, petitioner shall notify the court of his intention to delete his unexhausted claims.

Dated at Milwaukee, Wisconsin this 17 day of October, 2005.

/s_____
LYNN ADELMAN
District Judge